IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAMMY M. CHURCH, | ) |
| R&R UTILITIES LLC, | ) |
| STATE OF MICHIGAN, DEPARTMENT | ) |
|   OF TREASURY, | ) |
| ANTRIM COUNTY, | ) |
| MORTGAGE ELECTRONIC | ) |
|   REGISTRATION SYSTEMS, INC., | ) |
| INVESTAID CORPORATION, | ) |
| OLD REPUBLIC NATIONAL TITLE | ) |
|   INSURANCE COMPANY, and | ) |
| MICHIGAN HOMEOWNER ASSISTANCE | ) |
|   NOPROFIT HOUSING CORPORATION | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, the United States of America, by its undersigned counsel, at the request of and with the authorization of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General brings this complaint, pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment certain unpaid taxes, penalties, and interest owed by defendants Tammy Church ("Church") and R&R Utilities LLC ("R&R Utilities"), to establish the validity of the tax liens associated with these liabilities and to determine that those liens attach to all property and rights to property belonging to Church, and to collect those liabilities through the judicial sale of a certain parcel of real property, identified below, in accordance with law.  For these purposes, the United States complains and alleges as follows:

**Jurisdiction and Parties**

1. The Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Plaintiff is the United States of America.

3. Defendant Church is subject to the jurisdiction of this Court.

4. Defendant R&R Utilities is a single-member LLC owned solely by Church and doing business in the State of Michigan, and it is subject to the jurisdiction of this Court.

5. Defendant State of Michigan, Department of Treasury, is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

6. Defendant Antrim County is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

7. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation that is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

8. Defendant Investaid Corporation is a Michigan corporation that is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an

interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

9. Defendant Old Republic National Title Insurance Company is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

10. Defendant Michigan Homeowner Assistance Nonprofit Housing Corporation is named as a defendant to this civil action as required by 26 U.S.C. § 7403(b) because it has or may claim an interest in the property that is the subject of the United States' collection and lien enforcement claim, which property is located within the jurisdiction of this Court.

## Count 1
## To Reduce Federal Tax Liabilities to Judgment

11. The United States incorporates by reference the above allegations of paragraphs 1 through 10 as paragraph 11 of the Complaint.

12. On the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments of federal income taxes, penalties, and interest owed by Church, for the following taxable years, in the following amounts, which have the following balances due, with accruals and costs, as of November 20, 2014:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| 12/31/2001 | Tax | 12/30/2002 | $15,827.00 | |
| | Late Filing Penalty | 12/30/2002 | $594.72 | |
| | Failure to Pay Tax Penalty | 12/30/2002 | $283.86 | |
| | Interest | 12/30/2002 | $294.87 | |
| | Late Filing Penalty | 03/29/2004 | $196.00 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| | Addition to Tax | 03/29/2004 | $1,966.00 | |
| | Failure to Pay Tax Penalty | 11/14/2005 | $1,665.09 | |
| | Failure to Pay Tax Penalty | 11/13/2006 | $98.30 | $7,825.14 |
| 12/31/2002 | Tax | 08/08/2005 | $4,250.00 | |
| | Late Filing Penalty | 08/08/2005 | $107.55 | |
| | Failure to Pay Tax Penalty | 08/08/2005 | $66.92 | |
| | Interest | 08/08/2005 | $66.32 | |
| | Failure to Pay Tax Penalty | 11/13/2006 | $52.58 | |
| | Interest | 10/07/2013 | $386.19 | $1,236.60 |
| 12/31/2004 | Tax | 03/27/2006 | $6,093.00 | |
| | Late Filing Penalty | 03/27/2006 | $804.82 | |
| | Failure to Pay Tax Penalty | 03/27/2006 | $214.62 | |
| | Interest | 03/27/2006 | $279.10 | |
| | Failure to Pay Tax Penalty | 09/29/2008 | $679.63 | |
| | Interest | 10/07/2013 | $2,325.04 | $8,182.70 |
| 12/31/2005 | Tax | 06/29/2009 | $33,049.00 | |
| | Estimated Tax Penalty | 06/29/2009 | $140.85 | |
| | Late Filing Penalty | 06/29/2009 | $6,776.10 | |
| | Interest | 06/29/2009 | $8,628.66 | |
| | Failure to Pay Tax Penalty | 06/29/2009 | $5,872.62 | |
| | Failure to Pay Tax Penalty | 09/06/2010 | $1,656.38 | |
| | Interest | 09/02/2013 | $8,236.53 | $63,710.12 |

13.     Although some assessments for tax year 2001 were made on December 30, 2002, and March 29, 2004, which would result in the expiration of the statutes of limitations on December 30, 2012 and March 29, 2014, respectively, the statutes were tolled while a

4

bankruptcy action was pending and were further tolled while a collection due process ("CDP") action was pending.

14. On or about the dates of the assessments described in paragraph 12, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Church.

15. Despite such notice and demand, Church has failed, neglected, or refused to pay in full the liabilities described in paragraph 12.

16. After the application of all abatements, payments, and credits, and the addition of accrued interest and costs, Church remains indebted to the United States for the liabilities described in paragraph 12, above, in the amount of $80,954.56, plus statutory additions from and after November 20, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

17. Church, as sole member of R&R Utilities, was also responsible for employment taxes due by R&R Utilities.

18. On the following dates, a delegate of the Secretary of the Treasury of the United States made the following assessments of Form 940 liabilities and Form 941 liabilities owed by R&R Utilities and Church, for the following taxable years, in the following amounts, which have the following balances due, with accruals and costs, as of November 20, 2014:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| 6/30/2004 (Form 941) | Tax | 04/11/2005 | $17,100.67 | |
| | Late Filing Penalty | 04/11/2005 | $3,259.35 | |
| | Federal Tax Deposit Penalty | 04/11/2005 | $1,448.60 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| | Failure to Pay Tax Penalty | 04/11/2005 | $651.39 | |
| | Interest | 04/11/2005 | $601.81 | |
| | Federal Tax Deposit Penalty | 05/16/2005 | $722.69 | $36,607.93 |
| 09/30/2004 (Form 941) | Tax | 02/28/2005 | $24,424.57 | |
| | Late Filing Penalty | 02/28/2005 | $3,297.32 | |
| | Failure to Pay Tax Penalty | 02/28/2005 | $488.49 | |
| | Interest | 02/28/2005 | $458.80 | $51,706.35 |
| 12/31/2004 (Form 941) | Tax | 06/13/2005 | $37,960.40 | |
| | Late Filing Penalty | 06/13/2005 | $3,491.92 | |
| | Federal Tax Deposit Penalty | 06/13/2005 | $3,162.46 | |
| | Failure to Pay Tax Penalty | 06/13/2005 | $646.65 | |
| | Interest | 06/13/2005 | $600.41 | |
| | Federal Tax Deposit Penalty | 07/18/2005 | $1,293.30 | $61,091.12 |
| 03/31/2005 (Form 941) | Tax | 10/03/2005 | $17,984.12 | |
| | Late Filing Penalty | 10/03/2005 | $3,146.15 | |
| | Federal Tax Deposit Penalty | 10/03/2005 | $1,747.86 | |
| | Failure to Pay Tax Penalty | 10/03/2005 | $524.36 | |
| | Interest | 10/03/2005 | $537.43 | |
| | Federal Tax Deposit Penalty | 11/07/2005 | $873.93 | $41,435.26 |
| 06/30/2005 (Form 941) | Tax | 10/10/2005 | $15,021.07 | |
| | Federal Tax Deposit Penalty | 10/10/2005 | $1,502.10 | |
| | Failure to Pay Tax Penalty | 10/10/2005 | $225.32 | |
| | Interest | 10/10/2005 | $180.49 | |
| | Federal Tax Deposit Penalty | 11/14/2005 | $751.05 | $30,832.17 |
| 09/30/2005 (Form 941) | Tax | 05/22/2006 | $8,898.09 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| | Dishonored Check Penalty | 04/17/2006 | $33.84 | |
| | Federal Tax Deposit Penalty | 05/22/2006 | $584.50 | |
| | Failure to Pay Tax Penalty | 05/22/2006 | $90.23 | |
| | Interest | 05/22/2006 | $102.56 | |
| | Federal Tax Deposit Penalty | 06/26/2006 | $128.90 | $5,758.65 |
| 12/31/2005 (Form 941) | Tax | 03/27/2006 | $11,348.57 | |
| | Federal Tax Deposit Penalty | 03/27/2006 | $1,134.85 | |
| | Failure to Pay Tax Penalty | 03/27/2006 | $56.74 | |
| | Interest | 03/27/2006 | $28.56 | |
| | Dishonored Check Penalty | 04/17/2006 | $226.97 | $22,054.94 |
| 03/31/2006 (Form 941) | Tax | 04/09/2007 | $10,827.38 | |
| | Late Filing Penalty | 04/09/2007 | $2,436.16 | |
| | Federal Tax Deposit Penalty | 04/09/2007 | $1,082.74 | |
| | Failure to Pay Tax Penalty | 04/09/2007 | $649.64 | |
| | Interest | 04/09/2007 | $1,014.71 | |
| | Federal Tax Deposit Penalty | 05/14/2007 | $541.37 | |
| | Failure to Pay Tax Penalty | 10/15/2007 | $595.51 | |
| | Failure to Pay Tax Penalty | 10/13/2008 | $1,299.28 | |
| | Failure to Pay Tax Penalty | 11/01/2010 | $162.42 | $25,430.00 |
| 06/30/2006 (Form 941) | Tax | 04/30/2007 | $9,982.05 | |
| | Late Filing Penalty | 04/30/2007 | $2,245.96 | |
| | Federal Tax Deposit Penalty | 04/30/2007 | $998.20 | |
| | Failure to Pay Tax Penalty | 04/30/2007 | $449.19 | |
| | Interest | 04/30/2007 | $753.91 | |
| | Federal Tax Deposit Penalty | 06/04/2007 | $499.10 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| | Failure to Pay Tax Penalty | 10/15/2007 | $499.10 | |
| | Failure to Pay Tax Penalty | 10/13/2008 | $1,197.85 | |
| | Failure to Pay Tax Penalty | 11/01/2010 | $349.37 | $23,053.47 |
| 09/30/2006 (Form 941) | Tax | 04/16/2007 | $7,841.84 | |
| | Federal Tax Deposit Penalty | 04/16/2007 | $784.18 | |
| | Failure to Pay Tax Penalty | 04/16/2007 | $235.26 | |
| | Interest | 04/16/2007 | $292.32 | |
| | Federal Tax Deposit Penalty | 05/21/2007 | $392.09 | |
| | Failure to Pay Tax Penalty | 10/15/2007 | $431.29 | |
| | Failure to Pay Tax Penalty | 10/13/2008 | $941.02 | |
| | Failure to Pay Tax Penalty | 11/01/2010 | $352.89 | $15,293.89 |
| 12/31/2006 (Form 941) | Tax | 04/16/2007 | $7,424.15 | |
| | Late Filing Penalty | 04/16/2007 | $668.17 | |
| | Federal Tax Deposit Penalty | 04/16/2007 | $742.40 | |
| | Failure to Pay Tax Penalty | 04/16/2007 | $111.36 | |
| | Interest | 04/16/2007 | $134.11 | |
| | Federal Tax Deposit Penalty | 05/21/2007 | $371.21 | |
| | Failure to Pay Tax Penalty | 10/15/2007 | $408.33 | |
| | Failure to Pay Tax Penalty | 10/13/2008 | $890.90 | |
| | Failure to Pay Tax Penalty | 11/01/2010 | $445.44 | $15,176.68 |
| 12/31/2005 (Form 940) | Tax | 04/17/2006 | $803.83 | |
| | Dishonored Check Penalty | 04/17/2006 | $16.07 | |
| | Late Filing Penalty | 04/17/2006 | $28.50 | |
| | Failure to Pay Tax Penalty | 04/17/2006 | $8.25 | |

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| | Interest | 04/17/2006 | $8.19 | |
| | Dishonored Check Penalty | 04/24/2006 | $15.00 | $1,208.80 |
| 12/31/2006 (Form 941) | Tax | 04/02/2007 | $484.73 | |
| | Failure to Pay Tax Penalty | 04/02/2007 | $7.27 | |
| | Interest | 04/02/2007 | $6.52 | |
| | Failure to Pay Tax Penalty | 10/13/2008 | $82.41 | |
| | Failure to Pay Tax Penalty | 11/01/2010 | $31.50 | $855.00 |

19. On or about the dates of the assessments described in paragraph 18, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Church and R&R Utilities.

20. Despite such notice and demand, Church and R&R Utilities have failed, neglected, or refused to pay in full the liabilities described in paragraph 18.

21. After the application of all abatements, payments, and credits, and the addition of accrued interest and costs, Church and R&R Utilities remain liable to the United States for the liabilities described in paragraph 18, above, in the amount of $330,504.26, plus statutory additions from and after November 20, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

22. A delegate of the Secretary of the Treasury made assessments against Church, pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of the employees of Royalty Boring, Inc., for her willful failure to collect, truthfully account for, and pay over to

the Internal Revenue Service those taxes with respect to the quarterly tax periods. The balances due, including fees, interest, and adjustments, as of November 20, 2014, are as follows:

| Period Ending | Assessment Type | Assessment Date | Assessment Amount | Balance Due as of 11/20/2014 |
|---|---|---|---|---|
| 09/30/1999 | Trust Fund Recovery Penalty | 12/01/2003 | $70,435.70 | $107,369.46 |
| 12/31/1999 | Trust Fund Recovery Penalty | 12/01/2003 | $42,970.45 | $72,816.26 |
| 06/30/2000 | Trust Fund Recovery Penalty | 12/01/2003 | $58,241.41 | $98,693.88 |
| 09/30/2000 | Trust Fund Recovery Penalty | 12/01/2003 | $73,001.31 | $123,705.53 |
| 12/31/2000 | Trust Fund Recovery Penalty | 12/01/2003 | $41,253.55 | $69,906.81 |
| 12/31/2003 | Trust Fund Recovery Penalty | 08/08/2005 | $20,720.96 | $32,443.50 |

23. Although some assessments were made on December 1, 2003, which would result in the expiration of the statutes of limitations on December 1, 2013, the statutes were tolled while a bankruptcy action was pending and were further tolled while CDP actions were pending.

24. On or about the dates of the assessments described in paragraph 22, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Church.

25. Despite such notice and demand, Church has failed, neglected, or refused to pay in full the liabilities described in paragraph 22.

26. After the application of all abatements, payments, and credits, and the addition of accrued interest and costs, Church remains indebted to the United States for the liabilities described in paragraph 22, above, in the amount of $504,935.44, plus statutory additions from and after November 20, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

## Count 2
## Collection and Lien Enforcement

27. The United States incorporates by reference the above allegations of paragraph 1 through paragraph 26 as paragraph 27 of the Complaint.

28. By Warranty Deed dated March 11, 2004, and recorded on March 30, 2004, with the Antrim County Register of Deeds, Church acquired title to and ownership of the real property located at 10329 SW Torch Lake Drive, Rapid City, MI 49676 (the "Property"), which is located within the jurisdiction of this Court and is legally described as follows:

> Lot 19, WOODRIDGE, according to the recorded plat thereof as recorded at Liber 2 of Plats, page 32, Antrim County Records.
>
> APN # 05-12-815-015-00

29. By Quitclaim Deed dated April 11, 2007, and recorded January 2, 2008, with Antrim County, Church purported to transfer title to the Property to Charles O. Davis for consideration of $1.

30. Also on April 11, 2007, Charles O. Davis purported to execute an Affidavit of Claim of Interest in Real Estate on the Property. He recorded it with the Antrim County Register of Deeds on April 16, 2007.

31. By Quitclaim deed dated April 29, 2011 and recorded on May 6, 2011, Charles O. Davis and Edith N. Davis purported to transfer title to the Property back to Church for consideration of $1.

**Tax Liens**

32. The failure, neglect, or refusal of Church to pay the assessments described above, following notices of those assessments and demands for payment of the same, gave rise, as of the dates of the assessments, to liens for those liabilities in favor of the United States, pursuant to 26

11

U.S.C. §§ 6321 and 6322, upon all property and rights to property belonging to Church, including the Property.

33. In accordance with 26 U.S.C. § 6323(f), a delegate of the Secretary of the Treasury filed with the Antrim County Register of Deeds notices of federal tax liens ("NFTLs") for the tax liabilities of Church on the dates, as follows:

| Taxable Periods (Type of Tax) | Date Recorded |
| --- | --- |
| 09/30/1999 (26 U.S.C § 6672) | 05/21/2007 |
| 12/31/1999 (26 U.S.C. § 6672) | 05/21/2007 |
| 06/30/2000 (26 U.S.C. § 6672) | 05/21/2007 |
| 09/30/2000 (26 U.S.C. § 6672) | 05/21/2007 |
| 12/31/2000 (26 U.S.C. § 6672) | 05/21/2007 |
| 12/31/2001 (Form 1040) | 05/21/2007 |
| 12/31/2002 (Form 1040) | 01/28/2014 |
| 12/31/2003 (26 U.S.C § 6672) | 05/21/2007 |
| 06/30/2004 (Form 941) | 08/28/2006 |
| 09/30/2004 (Form 941) | 08/28/2006 |
| 12/31/2004 (Form 941) | 08/28/2006 |
| 12/31/2004 (Form 1040) | 04/05/2007 |
| 03/31/2005 (Form 941) | 08/28/2006 |
| 06/30/2005 (Form 941) | 08/28/2006 |
| 09/30/2005 (Form 941) | 08/28/2006 |
| 12/31/2005 (Form 941) | 08/28/2006 |
| 12/31/2005 (Form 940) | 08/28/2006 |
| 12/31/2005 (Form 1040) | 01/28/2014 |
| 03/31/2006 (Form 941) | 08/13/2014 |
| 06/30/2006 (Form 941) | 08/13/2014 |
| 09/30/2006 (Form 941) | 08/13/2014 |
| 12/31/2006 (Form 941) | 08/13/2014 |

| 12/31/2006 (Form 940) | 08/13/2014 |

**Mortgages Subordinate to Tax Liens**

34. On August 2, 2006, Church gave a mortgage on the Property to defendant MERS, as nominee for Investaid Corporation, in the amount of $402,500 (the "Mortgage").

35. The Mortgage was recorded by MERS at the Kalkaska County Register of Deeds on August 19, 2006. The Property, however, is located in Antrim County.

36. Upon realizing its error, MERS recorded the Mortgage in the Antrim County Register of Deeds on 10/18/2007.

37. In 2008, MERS brought an action in this Court regarding the priority of the Mortgage versus the United States' tax liens. *See MERS v. Tammy Church, et al.*, 1:08-cv-00945-PLM (W.D. Mi. Filed Oct. 7, 2008). This Court granted summary judgment for the United States, holding that the United States' tax liens recorded on August 28, 2006, April 5, 2007, and May 21, 2007 (see paragraph 33) had priority over the Mortgage. *See id.,* Dkt. No. 47.

38. This Court also ordered that any interest of Charles O. Davis in the Property be extinguished and that the Quitclaim Deed and Affidavit of Interest recorded by Charles O. Davis be expunged from the record chain of title to the Property. *See id.,* Dkt No. 26.

39. MERS appealed the judgment of this Court to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed this Court's ruling. *See id.*, Dkt No. 58.

40. On October 20, 2014, an interest in the Mortgage was assigned to Old Republic National Title Insurance Company, with MERS continuing to act as nominee. The assignment was recorded in the Antrim County Register of Deeds on October 22, 2014.

41. On February 24, 2014, Church gave a mortgage on the Property to defendant Michigan Homeowner Assistance Nonprofit Housing Corporation (the "Second Mortgage") in the amount of $15,322.95.

42. The Second Mortgage was recorded in the Antrim County Register of Deeds on April 3, 2014.

43. Pursuant to 26 U.S.C. § 7403, the United States is entitled to judgment: collecting the liabilities described herein, and enforcing the liens securing them, through the judicial sale of the Property free and clear of all rights, titles, claims, and interests, and without the right of redemption, of the parties, and distributing the proceeds of such sale, after the payments of the costs of sale and any local real estate taxes due and owing, to the United States and to the other parties to the extent they each establish a valid claim, in such amounts as the Court shall determine, and in accordance with their lawful priorities.

WHEREFORE, the plaintiff United States of America prays:

a) that the Court enter judgment in favor of Plaintiff United States of America and against defendant Tammy M. Church for the taxes, penalties and interest, for the tax periods identified above in paragraphs 12, 18 and 22, in the total amount of $916,394.26, and against defendant R&R Utilities for the taxes identified in paragraph 18 in the total amount of $330,504.26, plus statutory additions from November 20, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

b) that the Court determine and adjudge that the United States holds valid and subsisting tax liens under 26 U.S.C. § 6321 and that those liens have attached to all property and rights to property belonging to Tammy M. Church;

c) that the Court determine and adjudge that the taxes, penalties, and interest owed by Tammy M. Church, as described herein, shall be collected, and that the liens identified above have attached to the Property and shall be enforced, through the judicial sale of the Property free and clear of all rights, title, liens, claims, and interests, and without the right of redemption, of the parties hereto, with proceeds of such sale to be distributed, after the payments of the costs of sale and any local real estate taxes due and owing, to the United States and to other parties to the extent they each establish a valid claim, in such amounts as the Court shall determine, and in accordance with their lawful priorities; and

d) that the Court award the United States its costs and such further relief as the Court deems just and proper.

TAMARA W. ASHFORD
Acting Assistant Attorney General


 /s/Robert J. Wille, Jr.
ROBERT J. WILLE JR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-5573 (v)
202-514-5238 (f)
Robert.J.Wille@usdoj.gov