UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:14-cv-1205 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TAMMY M. CHURCH, *et al.,* | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO SET ASIDE CONSENT JUDGMENT and DENYING MOTION TO STAY PROCEEDINGS

Defendant Tammy Church filed a motion to set aside a consent judgment. (ECF No. 53.) The matter was referred to the magistrate judge, who held an evidentiary hearing. (ECF No. 82.) The magistrate judge issued a report recommending the motion be denied. (ECF No. 84.) Two parties filed objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### A. Old Republic Title Insurance (ECF No. 85)

Old Republic objects to footnote 4 in the report and recommendation. Specifically,

Old Republic objects to the magistrate judge's statement that a proposed consent order filed with the Court would be moot should the Court deny the motion to set aside the Agreed Final Order.

Old Republic's objection is **AFFIRMED** and the footnote R&R will be modified to omit the footnote. Given the amount of taxes owed to the **IRS** and the outstanding mortgage, Church will likely not receive any proceeds from the sale of her home beyond what the Agreed Final Order specifies. On that assumption, the portion of the Consent Order that transfers additional proceeds from Church to Old Republic would be an event that would never occur. But, there are other provisions in the Consent Order and those would not be rendered moot were this Court to deny Church's motion to set aside the Agreed Final Order.

### B. Tammy Church (ECF No. 90)

Church has not objected to the portion of the Report and Recommendation outlining the relevant legal standard and burden of proof. A presumption exists that Church's attorney acted with her authority. Accordingly, Church bears the burden of proving that her attorney did not have the authority to settle the case and to consent to the entry of judgment.

Church has objected to various proposed findings of fact. The Court has reviewed her objections de novo. In addition to the documents submitted by the parties, the Court has reviewed the transcript of the evidentiary hearing. Church's objections are overruled.

Objection 1 – Retainer Agreement. The retainer agreement speaks for itself. The stated "goal of our representation" was to reach an agreement with the **IRS** so that Church could sell the house, excuse or eliminate the remaining tax obligation, and stay in the home until it sold. Nothing in the retainer agreement supports Church's assertion that the goals

outlined in the agreement would be pursued only after discovery established that she was obligated to pay her creditors the amount that they were demanding. In fact, one of the phrases in the retainer on which Church relies (Objection at 2 PageID.597)—"we will vigorously defend your rights"—is followed immediately by language undermining her assertion.

> however, conceding your ultimate liability on taxes, there is little to no likelihood that you will be able to defeat the lien of the IRS or retain your home. You also understand that in addition to the IRS, several other creditors have either an unsecured interest or a secured interest in your home, which would, regardless of our success with the IRS lien and claim, have to be satisfied also, before you could retain your home.

(ECF No. 61-1 PageID.324.)

The purpose of Attorney Gezon's representation was to negotiate a settlement. This makes intuitive sense. Between the IRS and Old Republic, the allegation is that Church owes approximately $1,200,000. (R&R at 11 PageID.565.) For discovery to be useful in this situation, Church would have to find evidence that would bring her obligations down by more than half in order to simply satisfy her debts by selling her house, which was worth approximately $500,000. (*Id.*)

The answer to the complaint and Mediation Letter do not establish that Church and her attorney reached any agreement about discovery as a prerequisite to the authority to settle. The fact that the attorney investigated the validity of the tax liens (ECF No. 58-5 Mediation Letter PageID.294), albeit not to Church's satisfaction, is not sufficient evidence to establish that discovery was required before Church would authorize settlement.

Objection 2 – Discovery Regarding IRS.  Here, Church argues her attorney did not sufficiently investigate the IRS's claims.  But, the Court has concluded that investigating the IRS's claims was not part of the retainer agreement.  Nevertheless, her attorney consulted with a retired IRS agent, who concluded that Church had no viable defense.  Apparently, in the last month, Church sought advice from a tax consultant.  She has attached emails from the tax consultant and relies, at least in part, on some of that advice for this objection.  This evidence was not presented at the evidentiary hearing and Church cannot rely on evidence outside the record for her objections to the proposed factual findings.  To the extent necessary, it was reasonable for Attorney Gezon to rely on the conclusions of the former IRS agent.

Objection 3 – Discovery Regarding Other Creditors.  Church contends her attorney did not pursue discovery concerning the creditors other than the IRS, including Old Republic.  Again, discovery was not anticipated by the terms of the retainer agreement.  Church now asserts that Old Republic's debt was "expired."  To be clear, Old Republic's claim is based on a mortgage.  Church does not provide any evidence, does not cite to the record, and does not provide any legal explanation for her belief that Old Republic could not collect on the mortgage.  Attorney Gezon had no reason to investigate Church's obligation to Old Republic.

Objection 4 – Authority to Sign Final Judgment.  Church asserts that none of the evidence proves that she authorized Attorney Gezon to sign the Final Judgment.  She claims she never authorized settlement.  On this objection, the Court notes that Church does not identify any specific factual findings in the report and recommendation.  The Court also

notes that Church has the burden of proving that she did not authorize the settlement. A presumption exists that she gave her attorney that authorization. The Court finds the proposed findings of fact are supported by the record.

Objection 5 – Requests for Signatures. Church asserts her attorney requested signatures for some documents, but not others. Church reasons that without her signature, no document was effective. On this point, Church again does not identify any particular portion of the Report and Recommendation. Church is incorrect that the request for a signature on for the retainer agreement established a reasonable expectation that she would also sign a final settlement. By signing the retainer agreement, Church authorized her attorney to negotiate and reach a final settlement of the claims.

Objection 6 – October 2016 Emails. Church contends the magistrate judge is incorrect that she simply had a change of heart when she started sending emails six months after the Agreed Final Judgment entered. Church offers a different reason for the emails. The motivation for the emails, whether a change of heart or otherwise, does not implicate the recommended outcome.

Objection 7 – Retainer Fee. Church concedes that Attorney Gezon is entitled to some fee, as explicitly stated in the retainer agreement and as was included in the Agreed Final Judgment.

The Court concludes the proposed findings of fact, including the inferences drawn from those facts by the magistrate judge, are supported by the record. And, the recommendation to deny the motion to set aside the final agreement is supported by both the facts and the law.

C.

For these reasons, the Report and Recommendation (ECF No. 84), with the exception of footnote 4, is **ADOPTED** as the Opinion of this Court. Defendant Tammy Church's motion to set aside the judgment (ECF No. 53) is **DENIED.**

Because this matter has been resolved, Church's motion to stay the proceedings (ECF No. 87) is **DENIED.**

**IT IS SO ORDERED.**

Date:　May 3, 2019　　　　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge