UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>              Plaintiff,       )<br>                                )<br>-v-                             )<br>                                )<br>TAMMY CHURCH, *et al.*,         )<br>              Defendants.      )<br>                                ) | No. 1:14-cv-1205<br><br>Honorable Paul L. Maloney |

## ORDER APPROVING CONSENT AGREEMENT
## AND
## ORDER DENYING MOTION TO STAY

Currently pending is a motion to approve a consent agreement between two of the defendants (ECF No. 80) and a motion to stay pending appeal filed by Defendant Tammy Church (ECF No. 97).

### I. Consent Agreement

This lawsuit was resolved by an Agreed Final Judgment. (ECF No. 51.) The Court has resolved Defendant Church's challenges to that agreement. Church and Defendant Old Republic National Title Insurance Company submitted a consent agreement, which references the Agreed Final Judgment and affects only the relationship between Church and Old Republic. (ECF No. 80.) On May 3, 2019, this Court issued a Notice of Intent to enter the consent order. (ECF No. 92.) The notice informed all parties that any objection to the document had to be filed by May 17, 2019.

The Government timely filed a response to the Court's notice. (ECF No. 98.) The Government does not object to the entry of the consent order. The Government reasons

the consent order is an agreement between Church and Old Republic. The Government requests the Court clarify that the consent agreement cannot be construed to affect the rights of the United States. The Court agrees.

The Court approves the proposed Consent Agreement (ECF No. 80), which will be signed and entered on the Court's electronic docket. The Consent Agreement supplements the Agreed Final Judgment and concerns only the relationship between Church and Old Republic. The Consent Agreement must not be construed to affect the rights of the United States, as set forth in the Agreed Final Judgment.

## II. Motion to Stay

After this Court adopted a report and recommendation, which resolved the challenges to the Agreed Final Judgment, Church filed a notice of appeal. (ECF No. 93.) The notice was docketed as an interlocutory appeal because a final judgment had not yet issued. The consent agreement was still pending.

Church requests the Court stay the litigation while she pursues her appeal. (ECF No. 97.) The judgment is automatically stayed for 30 days after entry. *See* Fed. R. Civ. P. 62(a). For a stay pending an appeal, the moving party must provide a bond or other security. Fed. R. Civ. P. 62(b). By posting the bond, the moving party has the right to a stay of the judgment. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). District courts have discretion to stay a judgment pending appeal without requiring a bond. *Id.*; *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 350 (E.D. Mich. 1998) (citing *Fed. Prescription Serv., Inc. v. American Pharm. Assoc.*, 636 F.2d 755, 757-78 (D.C. Cir. 1980)). Because Rule 62 balances the rights and interests of the opposing parties, and because the bond requirement

protects the prevailing party from the risk of an uncollectable judgment, the bond requirement should be followed absent extraordinary circumstances. *See Hamlin*, 181 F.R.D. at 353. Courts have granted stays without a bond when the appellant's ability to pay is so obvious that posting a bond would be a waste of money. *Id.* Financial hardship generally is not the sort of extraordinary circumstances that would warrant granting a stay without requiring a bond or some payment plan. *Physicians Ins. Capital, LLC v. Praesidium Alliance Group, LLC*, No. 4:12cv1789, 2013 WL 5232817, at *3 (S.D. Ohio Sept. 16, 2013); *Bank v. Byrd*, No. 10-2004, 2012 WL 5384162, at *3 (W.D. Tenn. Nov. 1, 2012).

Church has not met her burden for this Court to grant a stay. Church has not offered to post a bond. Church has not offered any other security. Church has not demonstrated any extraordinary circumstances which would suggest this Court might grant a stay without a bond.

Accordingly, Church's motion to stay the litigation pending appeal (ECF No. 97) is **DENIED.**

**IT IS SO ORDERED.**

Date:  May 20, 2019                          /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge